UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDMOND NELSON AND LEVELL BAGNERIS | * | CIVIL DOCKET NO. |
| | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | MAG: |
| GREAT WEST CASUALTY COMPANY, BRYAN EUGENE IRVIN, T. LAMBERT INCORPORATED dba J.L. BARNETT TRUCKING, INC., AND 3D CONSTRUCTION, LLC | * * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants, Great West Casualty Company, Bryan Eugene Irvin, T. Lambert, Inc., dba J.L. Barnett Trucking, Inc., and 3D Construction, LLC, ("Defendants"), with full reservation of any and all defenses, objections, and exceptions, hereby gives notice of the removal of this civil action from the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana.  A copy of this Notice of Removal is also being filed with the Clerk of Court for the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana.  As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  As grounds for this removal, Defendants respectfully represent that:

## BACKGROUND

1.

This action commenced against Defendants in the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, when Plaintiffs filed their Petition for Damages on April

20, 2022, said action being designated as Case No. 1047381, C ("The State Court Action"). A complete copy of the state court record is attached as Exhibit "A".

2.

Great West Casualty Company was served with the Petition setting forth Plaintiffs' claims for relief on April 29, 2022. T. Lambert, Inc. dba J.L. Barnett Trucking, Inc., ("J.L. Barnett") was served on April 28, 2022. Bryan Eugene Irvin was served on May 4, 2022. 3D Construction, LLC, was served on May 7, 2022. True and correct copies of all process and pleadings served upon Defendants in said action are attached as Exhibit "A".

3.

This lawsuit arises out of an alleged accident on May 3, 2021, wherein Plaintiff, Edmond Nelson, was operating a 2012 Chevy Cruze on Lobdell Highway in West Baton Rouge Parish, Louisiana. *See* Petition for Damages contained in Exhibit "A," at ¶ III. Plaintiff Levell Bagneris alleges he was a guest passenger in the 2012 Chevy Cruze operated by Edmond Nelson. Plaintiffs allege that while they were traveling in the vehicle operated by Edmond Nelson, a 2017 Peterbilt Truck, operated by Defendant, Bryan Eugene Irvin, slammed into the rear of Edmond Nelson's vehicle, causing a collision between the vehicles. *See* Exhibit "A," Petition at ¶ III. Plaintiffs allege that as a result of the collision, they both sustained severe and disabling bodily injuries, and there was also property damage to the vehicle. *See* Exhibit "A," Petition at ¶ III.

4.

Plaintiffs allege that at the time of the wreck, Bryan Eugene Irvin was in the course and scope of his employment with T. Lambert, Inc., dba J.L. Barnett Trucking, Inc., and/or 3D Construction, LLC. *See* Exhibit "A," Petition at ¶ IV. Plaintiffs further allege that at the time of the accident, Great West Casualty Company provided a policy of liability insurance to Bryan

Eugene Irvin, T. Lambert, Inc., dba J.L. Barnett Trucking, Inc., 3D Construction, LLC, and/or the vehicle operated by Bryan Eugene Irvin. *See* Exhibit "A" Petition at ¶ VII.

5.

Plaintiffs claim Bryan Eugene Irvin was negligent for failing to see what he should have seen, failing to keep a good and careful lookout, failing to maintain reasonable and proper control of the vehicle he was operating, and other acts of negligence. Exhibit "A" Petition at ¶ V. Plaintiff alleges that T. Lambert, Inc., dba J.L. Barnett Trucking, Inc., and/or 3D Construction, LLC, are vicariously responsible for the damages alleged as the employer of Bryant Eugene Irvin. Exhibit "A" Petition at ¶ VI. It is further alleged that T. Lambert, Inc., dba JL Barnett Trucking, Inc., and 3D Construction, LLC, are independently negligent for allowing an unskilled and unsafe driver to operate its vehicle, failing to determine the ability of its driver, failing to instruct, train, and/or supervise the driver as to the proper use of the vehicle at issue, intentional spoliation of evidence, negligently hiring and/or retaining Bryan Eugene Irvin, and any and all other acts of negligence. Exhibit "A" Petition at ¶ V.

**JURISDICTIONAL BASIS FOR REMOVAL**

6.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the requisite diversity of citizenship exists between Plaintiffs and Defendants.

**A.    The Amount in Controversy is Satisfied**

7.

A defendant can prove the amount in controversy either by showing that it is facially apparent from the nature and amount of the claims that they are likely to be above the requisite

amount, or by setting forth the facts which would support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). In the Petition, Edmond Nelson claims injuries to his neck, back, head, and left knee. *See* Exhibit "A" Petition at ¶ VIII. Also in the Petition, Levell Bagneris claims injuries to his neck, back, and right knee. *See* Exhibit "A" Petition at ¶ IX. Both plaintiffs, Edmond Nelson and Levell Baneris allege that as a result of the various acts of negligence on the part of Defendants, they are entitled to recover fourteen different type of damages including medical expenses (past and future), physical pain and suffering (past and future), mental anguish and distress (past and future), loss of enjoyment of life (past and future), loss of income (past and future), loss of earning capacity (past and future), scarring and disfigurement, aggravation and inconvenience, property damage, transportation expenses to and from the doctor, loss of use of his vehicle, depreciation of the value of the vehicle, loss of insurability, and injuries and damages to Edmond Nelson's dog. *See* Exhibit "A" Petition at ¶¶ II & X. Finally, Plaintiffs seek to recover all litigation expenses and costs and all other forms of relief provided by law. *See* Exhibit "A" Petition at ¶ "WHEREFORE."

8.

Whereas here, Plaintiff fails to allege a specific amount of damages in the Petition for Damages, the District Court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Plaintiffs' allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement. For example, in *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000), the Fifth Circuit found that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"

satisfied the jurisdictional amount. Likewise, in *Robinson v. Delchamps, Inc.,* the court found that defendants met their burden of proof wherein Plaintiff alleged nine different types of damages, including physical and mental pain and suffering (past and future), loss of income (past and future), medical expenses (past and future), loss of enjoyment of life (past and future), disability (past and future), hedonic damages, loss of household services, and disfigurement. No. CIV. A. 98-0503, 1998 WL 352131, (E.D. La. June 30, 1998). The number of claims, the nature of those claims, and the allegations that plaintiff could continue to suffer damages into the future, all weighed against plaintiff's argument that the case should be remanded. It was facially apparent that if all damages alleged in that case were recovered, the amount of the judgment would likely be well in excess of the jurisdictional amount. *Robinson v. Delchamps, Inc.,* No. CIV. A. 98-0503, 1998 WL 352131 (E.D. La. June 30, 1998) *see also Gibson v. Canal Ins. Co.,* No. CIV.A. 03-3566, 2004 WL 574717 (E.D. La. Mar. 22, 2004).

9.

Although it is facially apparent from the Petition that the amount in controversy is satisfied there are additional facts that further prove the defendants have met their burden. As stated, Edmond Nelson claims injuries to his neck, back, head, and left knee. *See* Exhibit "A" Petition at ¶ VIII. Medical records submitted show that he has treated with a chiropractor, neurosurgeon, and pain management specialist. He underwent an MRI which revealed a straightening of the spine, bulges at L3-L4, L4-L5, and L5-S1 and bilateral facet arthropathy, most apparent at L3-S1. He had an MRI of his cervical spine that showed straightening of the spine, herniations are seen at C5-6 and bulges with osteophyte formation at C2-3 and C5-6. After the MRI his chriopractor referred him to a interventional pain management specialist and orthopedic surgery. He begain trating with orthopedic surgeron, Dr. Shamieh on August 20, 2021 who referred him to pain

management. Mr. Nelson then begain seeing Dr. Lonseth who recommended a cervical ESI and a lumbar T-ESI. He was also recommended for both cervical and lumbar trigger point injections. Pending results, lumbar and cervical medial branch blocks and eventually lumbar and cervical rhizotomy have been recommended. On November 29, 2021, he underwent trigger point injections at the bilateral trapezius and bilateral lumbar paraspinal, from which he reported 90% reduction in neck and low back pain. *See* medical records for Edmond Nelson attached as Exhibit "B."

10.

Levell Bagneris claims injuries to his neck, back, and right knee. *See* Exhibit "A" Petition at ¶ IX. Medical records show that he has treated with a chiropractor, neurosurgeon, and pain management specialist. An MRI of his neck showed herniations at C2-3 and C6-7, and neuroforaminal stenosis with bulges at C2-3, C3-4, C4-5, C5-6, C6-7, and C7-T1, as well as multi-level cervical facet arthropathy. An MRI of his lumbar spine showed a herniation at L5-S1 and L1-2, and bulges at T12-L1, L2-3, L3-4, L4-5, L5-S1, as well as bilateral facet arthropathy, T12-S1, most propounced at the L5-S1 levels with bilateral facet joint effusions at L3-4 and L4-5. He too treated with DR. Lonseth who has recommended a cervical epidural steroid injection with the possibility of three total to maximine benefits. The cervical ESI is estimated to cost $5150 each. Depending on the results of the cervical ESI, he may be a candidate for cervical medial branch blocks and eventually cervical rhizotomies. He is also recommended for a lumbar ESI and medial branch blocks with a possibility of lumbar rhizotomies depending on the results of the ESI. Mr. Bagneris also treated with orthopedic surgon, Dr. Shamieh who recommended a Transforaminal lumbar epidural steroid injection (TFESI) at L5-S1. Dr. Shamieh also believes Mr. Bagneris is a surgical candidate in the future for both his cervical and lumbar spine. Surgical options for his cervical spine include a laminectyomy, anterior cervical discectomy and fusion, or a total disc

replacement at C6-C7. Surgerical options for his lumbar spine include a lumbar laminectomy, endoscopic rhizotomy or fusion at L5-S1. See medical records for Lavell Bagneris attached as Exhibit "C."

11.

In addition, on May 24, 2022, Plaintiffs were asked to execute a Stipulation of damages that their damages did not exceed the jurisdictional amount of $75,000. As of the date of this filing, Plaintiff has not agreed to stipulate to damages under $75,000. *See* 5/24/22 email from Defense counsel, attached hereto as Exhibit "D." Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995), quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. To date, Plaintiff has refused to stipulate to damages less than $75,000.00. *See* Exhibit "D."

12.

Further, it is also notable that Plaintiffs' Petition does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. Proc. art. 893(A)(1). While most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, they have held that the omission is entitled to some consideration in the inquiry. *See, e.g., Trahan v. Drury Hotels* Co., LLC, 2011 WL 2470982, *4 (E.D. La. June 20, 2011); *Ford v. State Farm,* 2009 WL 790150, *4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi–Chem Group, LLC,* 2012 WL 1492855, *2 (W.D. La. Mar. 14, 2012).

13.

In *Patrick v. Texas Roadhouse, Inc.* the Western District of Louisiana found that the amount in controversy had been met based on plaintiff's claimed damages for past and future pain and suffering, lost wages, medical treatment, and alleged permanent physical impairment and disability in addition to the Louisiana cases cited by defendants awarding damages greater than $75,000 for nonsurgical injuries. *Patrick v. Texas Roadhouse, Inc.,* No. 17-CV-976, 2017. WL 5617845, at 2 (W.D. La. Oct. 5, 2017), *report and recommendation adopted*, No. CV 17-0976, 2017 WL 5616036 (W.D. La. Nov. 20, 2017). The same is true for Plaintiffs' claimed damages here.

14.

If proven, it is likely that Plaintiffs' alleged damages will exceed the $75,000 threshold as evidenced by awards granted for similar injuries by Louisiana State Courts:

Plaintiff in an auto accident suffered a disc herniation at L5-S1, central disc herniation at C6-7, and received steroid injections in his neck and back. He was awarded $242,000 in general damages. *Alexander v. Tate,* 2009-844 (La. App. 3 Cir. 2/3/10); 30 So.3d 1122.

A Court awarded $120,000 in general damages to a man who suffered a herniated disc at C6-C7, bulging at C3-C7, lumbar herniated disc displacing the right S-1 nerve root, and a disc bulge at L3-L4. Plaintiff visited a chiropractor for nearly two years. *Ridgel v. Chevalier,* 2019-0250 (La.App. 4 Cir. 1/8/19), 288 So.3d 192.

A plaintiff who was diagnosed with two disc bulges, one at C6-7 and one at L4-5, was awarded $75,000 in general damages, where the Plaintiff elected to treat his injuries conservatively. *Hebert v. Boesch,* 2015-1791 (La. App. 1 Cir. 6/3/16), 194. So.3d 798.

A plaintiff brought a personal injury action following a rear-end collision in *Rochel v. Terrebonne Parish Sch. Bd.,* 637 So. 2d 753 (La. Ct. App.), *writ denied,* 9401613 La. 10/7/94), 644 So. 2d 633. The plaintiff complained of neck and back pain and of pain radiating into the left hip and leg. His physician noted "the presence of degenerative disc disease and spondylosis of the cervical and lumbosacral spine," among other cervical and lumbar injuries. *Id.* at 755. The First circuit affirmed the general damages award of $275,000.00.

In *Cortez v. Zurich Ins. Co.,* (La. App. 1 Cir. 12/28/99) 752 So.2d 957, a woman sustained a ruptured disc at C4-5 level when a light pole fell on her car. After a year of conservative treatment, the Plaintiff underwent surgery to remove the C4-5 disc as well as an anterior cervical fusion. The First Circuit affirmed the general damages award of $215,000.

In *Huntley v. 21st Century Premier Ins. Co.,* (La. App. 3 Cir. 11/2/16), 204 So.3d 1085, Plaintiff was injured in a low impact vehicular accident. Plaintiff underwent a cervical surgery and her neurologist testified that she needed a lumbar laminectomy, discectomy, and a fusion. The Louisiana Third Circuit upheld the general damages award of $300,000.

15.

It is apparent that Plaintiff's total damages, if proven, as a matter of law and fact, could exceed the sum of $75,000.

**B.     There Is Complete Diversity of Citizenship**

16.

Both Plaintiffs, Edmond Nelson and Levell Bagneris, are domiciled in the Parish of Jefferson, State of Louisiana. Additionally, Edmond Nelson and Levell Bagneris have received medical treatment in the State of Louisiana and continue to receive medical treatment in the State of Louisiana following the accident. There is no evidence whatsoever that either Edmond Nelson

or Levell Bagneris has any intent to leave the State of Louisiana or change their domicile to any other State. Edmond Nelson and Levell Bagneris are citizens of the State of Louisiana. *See* Petition for Damages contained in Exhibit "A," and Medical bills attached as Exhibit "B" and "C".

17.

Defendant, Great West Casualty Company is a foreign insurance company incorporated in the State of Nebraska with its principal place of business in South Sioux City, Nebraska. Great West Casualty Company, therefore, is a citizen of Nebraska.

18.

JL Barnett Trucking is a corporation incorporated in the State of Mississippi and has its principal place of business in Mississippi. As such, JL Barnett Trucking is a citizen of Mississippi.

19.

3D Construction is an LLC. The only member of 3D Construction, LLC is Edward Danley who is domiciled in and a citizen of the state of Mississippi. As such, 3D Construction is a citizen of Mississippi.

20.

Defendant Bryan Eugene Irvin is an individual domiciled in Semmes, Alabama, currently and at the time of the accident. Bryan Eugene is a citizen of Alabama.

21.

Because Plaintiffs are Louisiana citizens and the Defendants are citizens of Nebraska, Alabama, and Mississippi, complete diversity exists in this action.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

22.

Service of process was made on Great West Casualty Company through service on the Louisiana Secretary of State on April 29, 2022. Service was made on JL Barnett Trucking, Inc., on April 28, 2022, via long arm service. Service was made on Bryan Eugene Irvin via long arm service on May 4, 2022. Service was made on 3D Construction via long arm service on May 7, 2022.

22.

Defendants file this Notice of Removal within thirty (30) days from the date of service and within one year after commencement of this action, which was filed on April 20, 2022. This removal is therefore timely pursuant to 28 U.S.C.A. § 1446 (b)(3) and (c)(1).

23.

The United States District Court for the Middle District of Louisiana encompasses the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

24.

Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the Clerk of the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, where the action is currently pending. Copies of the State Court Notice of Filing Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants, Great West Casualty Company, Bryan Eugene Irvin, JL Barnett Trucking, Inc., and 3D Construction, LLC, respectfully remove this action, *"Edmond Nelson and Levell Bagneris v. Great West Casualty Company, Bryan Eugene Irvin, T. Lambert Incorporated dba J.L. Barnett Trucking, Inc., and 3D Construction, LLC,"* bearing docket number

1047381, from the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

*/s/ Raven Fielding*
_____
**ANDREW D. WEINSTOCK (#18495)**
**RAVEN A. FIELDING (#33125)**
**JOSEPH C. MCALOON (#39977)**
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 324-0676
andreww@duplass.com
rfielding@duplass.com
jmcaloon@duplass.com
**Counsel for Defendants, Great West Casualty Company, Bryan Eugene Irvin, J.L. Barnett Trucking, Inc., and 3D Construction, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on 27th day of May, 2022, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Raven Fielding*
_____
**RAVEN A. FIELDING**