## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EDMOND NELSON, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 22-350-BAJ-RLB**

**GREAT WEST CASUALTY
COMPANY, ET AL.**

## ORDER

Before the Court is Defendants' Motion to Compel filed on December 8, 2022. (R. Doc. 12). The deadline for filing an opposition has expired. LR 7(f).

On or about April 20, 2022, Edmond Nelson and Levell Bagneris (collectively, "Plaintiffs") initiated in state court this personal injury action involving a motor vehicle collision. (R. Doc. 1-8). Plaintiffs allege that their vehicle was struck in the rear by a commercial truck operated by defendant Bryan Eugene Irvine in the course and scope of his employment with defendant T. Lambert, Inc. d/b/a J.L Barnett Trucking, Inc. and/or defendant 3D Construction, LLC. (R. Doc. 1-8 at 2). Plaintiffs also named as a defendant Great West Casualty Company, the alleged liability insurer on the vehicle operated by Mr. Irvine. (R. Doc. 1-8 at 1). The Defendants removed this action on May 27, 2022, asserting diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).

On July 11, 2022, Defendants propounded written discovery on each of the Plaintiffs. (R. Doc. 12-4). Plaintiffs provided their Rule 26 initial disclosures and a link with their medical records on August 4, 2022. (R. Doc. 12-5 at 4). The parties held a discovery conference on November 3, 2022 regarding Plaintiff's outstanding responses to written discovery, and Defendants agreed to a two-week extension. (R. Doc. 12-5 at 2; R. Doc. 12-6 at 2). Plaintiff provided written responses on November 22, 2022. (R. Doc. 12-8; R. Doc. 12-9).

On December 4, 2022, Defense counsel sent an email asserting that several responses were missing, insufficient and/or incomplete and requested complete responses by December 8, 2022, unilaterally setting a discovery conference to take place that morning. (R. Doc. 12-7 at 2). Defendants represent that Plaintiffs' counsel was not available for the conference, so defense counsel left a message advising that a motion to compel would be filed. (R. Doc. 12-1 at 2).

On December 8, 2022, Defendants filed the instant Motion to Compel. (R. Doc. 12). The motion seeks an order requiring Plaintiffs to provide "complete and accurate responses" to the following Interrogatories and Requests for Production:

**Edmond Nelson:**
Interrogatory Nos. 2, 3, 4, 6, 8, 14, 15, 16, 17, 22, 23, 24, 27.
Request for Production Nos. 8, 18, 22, 25, 30, 32, 33.

**Level Bagneris:**
Interrogatory Nos. 2, 3, 4, 7, 14, 15, 16, 17, 18, 21, 23, 24, 27.
Request for Production Nos. 8, 19, 20, 23.

(R. Doc. 12-2). In support of the motion, Defendants highlight a few examples of incomplete responses needing supplementation: Mr. Nelson's responses to Interrogatory Nos. 4, 6, and 14 and Request for Production No. 15; and Mr. Bagneris' responses to Interrogatory Nos. 7, 14, and 23 and Request for Production No. 15. (R. Doc. 12-1 at 4-7).

Plaintiffs did not file a timely opposition or otherwise indicate that supplemental responses had been provided.

While the Court finds it disconcerting that Plaintiffs did not file a response to the instant Motion to Compel, the record would benefit from a court-ordered conference between the parties regarding the foregoing responses in dispute. While the parties held a discovery conference regarding Plaintiff's initial failure to provide discovery responses, they did not hold a conference with respect to the sufficiency of the belated responses. Defendant's' briefing only highlights a

2

handful of the many written discovery requests at issue. Defendants have not provided the Court with sufficient arguments with respect to the remaining discovery requests at issue. Requiring the parties to hold a conference in good faith regarding whether supplemental responses could be provided without court action would help preserve limited judicial resources.

Accordingly, given the record, the Court will require counsel for the parties to meet-and-confer regarding the written discovery responses in dispute. Participation in this conference is mandatory. After the conference, if the dispute is not resolved, the parties shall file appropriate supplemental briefing addressing any written discovery responses that remain in dispute.

Based on the foregoing,

**IT IS ORDERED** that counsel for the parties shall meet-and-confer, by telephone or in person, and in accordance with the good faith requirement of Rule 37(a)(1) of the Federal Rules of Civil Procedure, regarding the written discovery responses at issue in the instant Motion to Compel. This conference shall take place on or before **January 20, 2023**. If all issues raised by the Motion to Compel are resolved, Defendants shall take appropriate action to withdraw the motion. Otherwise, the parties shall file supplemental briefs, not to exceed 10 pages, addressing any remaining disputes regarding the written discovery responses on or before **January 27, 2023.**

Signed in Baton Rouge, Louisiana, on January 9, 2023.

_____
      **RICHARD L. BOURGEOIS, JR.**
      **UNITED STATES MAGISTRATE JUDGE**